IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**TEAM HOUSING SOLUTIONS, INC.** **PLAINTIFF**

**V.** **CIVIL ACTION NO. 2:14-CV-170-KS-MTP**

**BEVERLY VICK,** *et al.* **DEFENDANTS**

## ORDER

For the reasons stated below and in a bench opinion provided on January 7, 2014, the Court **denies** Plaintiff's Motion for Preliminary Injunction [12] and **denies** Plaintiff's Supplemental Motion for Preliminary Injunction [28].

To obtain a preliminary injunction, a "plaintiff must establish four elements: (1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied; (3) that the threatened injury outweighs any damage that the injunction might cause the defendant; and (4) that the injunction will not disserve the public interest." *Jackson Women's Health Org. v. Currier*, 760 F.3d 448, 452 (5th Cir. 2014). "A preliminary injunction is an extraordinary remedy that should not be granted unless the party seeking it has clearly carried the burden of persuasion on all four requirements." *Dennis Melancon, Inc. v. City of New Orleans*, 703 F.3d 262, 268 (5th Cir. 2012).

With respect to Plaintiff's claims related to Defendants' alleged misappropriation of trade secrets, the Court finds that Plaintiff failed to clearly establish a substantial likelihood of success on the merits. Each Defendants' testimony indicated that they had not stolen, used, or disclosed any information obtained through

their employment or association with Plaintiff. In fact, the Vick Defendants testified that they were either unable or did not know how to copy, forward, download, or otherwise remove any pertinent information from Plaintiff's computer system. Plaintiff offered no evidence whatsoever to contradict Defendants' testimony on these issues.

With respect to Plaintiff's claims related to Defendants' alleged breach of contract, the Court first finds that Plaintiff failed to clearly establish a substantial likelihood of success on the merits as to Defendants Quincy and Tamara Reese, who denied entering any non-disclosure or non-compete agreement. Plaintiff admitted that Tamara Reese had not entered into a non-disclosure and non-compete contract. As for Quincy Reese, Plaintiff merely provided its representative's declaration that he had signed a non-disclosure agreement, rather than a copy of the actual contract. This is not sufficient to demonstrate that Quincy Reese entered into a non-disclosure or non-compete contract.

As for the breach of contract claims against Defendants Gary and Beverly Vick, the Court finds that Plaintiff failed to clearly demonstrate that there exists a substantial threat of irreparable injury if the injunction is denied, or that the threatened injury to Plaintiff outweighs the damage an injunction may cause to Defendants. Plaintiff only provided evidence that Defendants had obtained one and a half contracts that may have otherwise gone to Plaintiff. Those contracts were obtained through a bid process, which suggests that it was not certain Plaintiff would have obtained them in the first place, and that it is not certain Defendants will continue to obtain contracts from the customer in question. Out of the approximately one hundred

fifty clients Defendants have serviced over the past two years, only one does business with Plaintiff. Plaintiff provided no evidence that it had lost good will, or that Defendants have defamed it in the corporate housing marketplace.

Plaintiff apparently argues that the breach of a non-compete agreement necessarily constitutes an irreparable injury, or that the Vick Defendants' breach of the non-compete agreement will inevitably cause irreparable injury. The Court disagrees. A "preliminary injunction will not be issued simply to prevent the possibility of some remote future injury. A presently existing actual threat must be shown." *Cardoni v. Prosperity Bank*, Civil Action H-14-1946, 2014 U.S. Dist. LEXIS 176596, at *15 (S.D. Tex. Dec. 23, 2014). Plaintiff must show "a significant threat of injury from the impending action, that the injury is imminent, and that money damages would not fully repair the harm." *Brink's v. Patrick*, No. 3:14-CV-775-B, 2014 U.S. Dist. LEXIS 87436, at *18 (N.D. Tex. June 27, 2014). "While courts are willing to entertain a loss of customers or goodwill as a harm, a movant must come forward with evidence that such an injury is irreparable by showing that the loss cannot be measured in money damages." *Id.* at *18-*19. In short, Plaintiff must provide evidence of a substantial threat of irreparable harm, regardless of whether it establishes that Defendants violated a non-compete agreement. *Id.* at *20.

Here, Plaintiff failed to demonstrate that Defendants had stolen, disclosed, or otherwise misused any confidential information, and "when there is no misuse of confidential information, irreparable harm is not presumed." *Cardoni*, 2014 U.S. Dist. LEXIS 176596 at *15. Likewise, Plaintiff only presented evidence that Defendants had

3

obtained one and a half contracts in competition with Plaintiff, and the amount of profit lost from those contracts can be easily calculated and reduced to money damages.

Finally, the Court finds that Plaintiff failed to provide any evidence of a conspiracy among the individual Defendants to steal Plaintiff's confidential information or for any other nefarious reason.

For these reasons and those provided in the Court's bench opinion, the Court **denies** Plaintiff's Motion for Preliminary Injunction [12] and **denies** Plaintiff's Supplemental Motion for Preliminary Injunction [28].

The Court instructs the parties to contact the Magistrate Judge to schedule a case management conference.

SO ORDERED AND ADJUDGED this 8th day of January, 2015.

> *s/ Keith Starrett*
> UNITED STATES DISTRICT JUDGE